SUPERIOR COURT 
 
 KECHES LAW GROUP, P.C. Plaintiff vs. STEVEN SEMENZA, at al, Defendants

 
 Docket:
 2482CV0790
 
 
 Dates:
 April 2, 2025
 
 
 Present:
 The Honorable James Budreau Justice of the Superior Court
 
 
 County:
 NORFOLK
 

 
 Keywords:
 MEMORANDUM AND ORDER ON DEFENDANT STEVEN SEMENZA'S MOTION TO DISMISS
 
 

             Plaintiff Keches Law Group P.C. ("plaintiff' or '1Keches'') filed this lawsuit against defendants Kelly Injury Lawyers P.C. ("Kelly") and attorney Steven Semenza ("Semenza") claiming that Kelly breached their referral agreement (Count I), both Kelly and Semenza have been unjustly enriched by wrongfully retaining or refusing to pay the plaintiffs referral fee (Count II), and Semenza tortiously interfered with the referral agreement (Count III). Defendant Semenza has filed a Motion to Dismiss Counts II and III pursuant to Mass. R. Civ. P 12 (b) (6). After hearing and review of the pleading, defendant Semenza's Motion to Dismiss is ALLOWED.
DISCUSSION
I. Facts
            The following facts are taken from the First Amended Complaint. Others are reserved for the analysis section below.
            Both the plaintiff and defendant Kelly Injury Lawyers, PC (Kelly) are law firms. They had a standing client referral agreement that obligated Kelly to pay the plaintiff 33.3% of a
 
                                                            -1-
 
contingent legal fee for any case that the plaintiff referred to Kelly upon payment of a settlement or judgment.
            Defendant Stephen Semenza is an attorney and was previously employed by Kelly as an associate. The plaintiff alleges that Semenza owed a duty of loyalty to Kelly because he "occup[ied] a position of trust and confidence at Kelly" as he was "responsible for a substantial case load" and entrusted with "access to Kelly's clients [and] confidential information concerning its clients.''
            On September 22, 2022, the plaintiff referred a client to Kelly pursuant to their referral agreement. Kelly assigned the case to Semenza, who would have not worked on the case but for the plaintiff's referral. Semenza was aware that the plaintiff was entitled to the 33.3% referral fee under the referral agreement. He was also aware that under his employment agreement with Kelly, he was entitled to twenty percent of the net fees that Kelly earned on the case, calculated after Kelly paid the 33.3% referral fee to the plaintiff.
            Semenza subsequently resigned from Kelly to start his own law firm and solicited another Kelly attorney, Kevin Nangeroni, to join his firm. Before or upon departing Kelly, Semenza unilaterally communicated with and solicited the client to transfer the case to his firm. He did so "without warning Kelly, and without providing Kelly a fair opportunity to present its services as an alternative ...."He also did so "at least in part so that [he] could wrongfully    retain almost all of the contingent fee for himself." The plaintiff alleges that these "unfair preemptive tactics" breached his duty of loyalty to Kelly.
            Semenza and Nangeroni tried the case and obtained a judgment for the client in the amount of$4,883,589.31, which was paid in April 2024. Semenza received a contingent fee of
 
                                                            -2-
 
approximately $1,626,000. [1] Based upon plaintiff's referral fee with Kelly, Keches says it is due approximately $541,458. . Semenza has refused to honor the referral agreement between Keches and Kelly or to compensate either party to t e agreement.
II.        Standard of Review
            To survive a motion to dismiss for failure to state a claim pursuant to Mass. R. Civ. P. 12 (b) (6), a complaint must contain "factual 'allegations plausibly suggesting (no. t merely consistent with)' an entitlement to relief ...." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell At!. Corp. v. Twombly, 550 U.S. 544, 557 (2007). The factual allegations must be "more than labels and conclusions" and "raise a right to relief above the speculative level. . . .Iannacchino, 451 Mass. at 636, quoting Twombly, 550 u:s. at 555.  In  assessing a complaint under Rule 12(b)(6), the court accepts as true the well-pleaded factual allegations in the complaint and draws all reasonable 'inferences in the plaintiff's favor. See Fairhaven Hous. Auth. v. Commonwealth, 4.93 Mass. 27, 30 (2023).
III..      Analysis
            Neither the claim for unjust enrichment against Semenza nor the claim for tortious interference with contractual relations is viable.
            A.. Unjust Enrichment
            "Unjust enrichment is the retention of money or property of another against the fundamental principles of justice or equity and good conscience" (citation and quotations. omitted). Tedeschi-Freij v. Percy Law Grp., P.C., 99 Mass. App. Ct. 772, 780 (2021). To prevail on a claim for unjust enrichment, a plaintiff must prove: "(l) [it] conferred a measurable benefit upon th. e defendant; (2) [it] reasonably expected compensation from the defendant; and
 
--------------------------------------------
 
[1] Semenza paid a portion of the contingent fee to an attorney who worked on the case before it went to the plaintiff.
 
                                                            -3-
 
(3) the defendant accepted the benefit with the knowledge, actual or chargeable, of the plaintiffs reasonable expectation" (citation and quotations omitted). Id.
            Here, the plaintiff has failed to plausibly allege that it conferred a measurable benefit upon Semenza. Although the plaintiff arguably conferred such a benefit upon Kelly by referring the case to Kelly, plaintiff did not confer a benefit on Semenza; While it's true that Semenza would never have been hired by the client but for Kelly's decision to have him work on that case, the connection between Semenza and plaintiff is simply too remote in the context of the facts · alleged here: Although Semenza ultimately benefited from the referral when he left Kelly's office, "[t]he fact that a person has benefitted from another is not of itself sufficient to require the other to make restitution therefor'' (citation and quotations omitted). Id.
            In addition, the plaintiff has failed to plausibly allege that it reasonably expected compensation from Semenza. Plaintiff claims that it "reasonably expected to be paid the referral fee in accordance with the Referral Agreement." Therefore, plaintiff could have plausibly expected compensation from Kelly given he was a party to the referral agreement. Although Semenza was aware of the agreement, he was not a party to that agreement. Consequently, plaintiff could not have reasonably expected Semenza to satisfy Kelly's obligations thereunder or otherwise compensate the plaintiff in accordance with the agreement.
            As plaintiff has failed to state a claim for unjust enrichment against Semenza, Count II is dismissed. [2]
 
--------------------------------------------
 
[2] Based upon th. e above, this Court need not address Semenza's other arguments in support of his motion to dismiss the unjust enrichment claim.
 
                                                            -4-
 
            B. Tortious Interference with Contractual Relations
            To prevail on a claim for tortious inference with contractual relations, a plaintiff must prove that: "(1) [it] had a contract_ with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." Psy- Ed Corp . v. Klein, 459 Mass. 697, 715-716 (2011), quoting G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262,272 (1991).
            Here, the plaintiff has failed to plausibly allege that Semenza's conduct was improper motive or means. Improper means may include "economic coercion" or a "violation of a statute or common,law precept," Cavicchi v. Koski, 67 Mass. App. Ct. 654, 658 (2006), such as breach of fiduciary duty. See Kurker v. Hill, 44 Mass. App. Ct. 184, 191-192 (1998). Whether an actor's motive or means is improper is, however, a fact-specific inquiry. See G.S. Enterprises, Inc., 410 Mass. at 273 (propriety of actor's motives and means "in a particular setting necessarily depends on the attending circumstances, and must be evaluated on a case-by-case basis"). See KACT, Inc. v. Rubin, 62 Mass. App. Ct. 689,'699 (2004) ("even where there is a violation of statute or common law rule, there must be a case-by-case evaluation")
            Conduct is improper if it is "innately wrongful, [and] predatory in character, deceitful, or involving threats, misrepresentation, or defamation'; (citations and quotations omitted). Cutting Edge Homes, Inc. v. Mayer, 103 Mass. App. Ct. 749, 753 (2024). Improper motive requires proof of "an intent specifically to harm the plaintiff, unrelated to any legitimate business purpose" which ''may include ulterior motive [e.g., wishing-to do injury], as well as evidence of retaliation or ill will" (citations and quotations omitted). Id. at 755. Improper means requires
 
                                                            -5-
proof of"improper conduct beyond the fact of the interference itself." Bartle v. Berry, 80 Mass. App. Ct. 372,380 (2011).
            The plaintiff claims that Semenza acted with improper means by breaching his fiduciary duty of loyalty to Kelly.[3] As previously stated, a breach of fiduciary duty may constitute improper means. See Kurker, 44 Mass. App. Ct. at 191-192. It is plausible that Semenza owed a fiduciary duty of loyalty to Kelly because as Kelly's associate, he occupied a position of trust  and confidence as he was responsible for a substantial case load and entrusted with access to Kelly's clients and their confidential information. See Meehan v. Shaughnessy, 404 Mass. 419, 438 (1989) (associate attorney "responsible for a substantial case load" with "access to clients and information concerning clients" occupied "position of trust and confidence" that gave rise to fiduciary duty of loyalty to law firm that employed him). Moreover, it is also plausible that he breached that duty by unilaterally communicating with and soliciting the client without warning to Kelly, thereby preventing Kelly from presenting its services as an alternative to transferring the case to him. See id. at 436-438 (associate attorney breached duty of loyalty owed to law firm by participating in unfair "preemptive tactics" to acquire consent from clients to remove cases to new law firm).
            However, even if Semenza breached his fiduciary duty owed to Kelly, that does not plausibly constitute improper means for purposes of the plaintiffs claim.[4] Whether the violation of a statutory or common-law rule constitutes improper means turns on "the purpose of the
 
--------------------------------------------
 
[3] Because there is "a strong public policy in protecting a client's right to seek advice and change counsel without subjecting new counsel to liability for tortious interference by former counsel," "when an attorney-client relationship is at stake, an attorney's claim against another attorney for interference  with advantageous  business relations requires proof that the interference was accomplished  by improper means; improper motive, alone, is not actionable."   Bartle, 80 Mass. App. Ct. at 380-381.  To the extent that that principle applies here, the plaintiff's  focus is improper means.
[4] Plaintiff also alleges that Semenza intended to keep the entire fee and deny Kelly any compensation by soliciting the client. Again, Kelly may plausibly have a claim against Semenza
 
                                                            -6-
 
statute or common-law rule in the context of the relationship of the partie13, and whether the alleged violation constituted· improper conduct as to the particular plaintiffs." Bartle, 80 Mass. . App. Ct. at 382. While Semenza's  alleged  breach  of his fiduciacy  duty  was  plausibly  improper as to Kelly, but see Bartle at 380-381, it was not as to the plaintiff given the facts alleged here.
            To be sure, there is precedent for the notion that a defendant's wrongful conduct towards a third party may satisfy the improper means requirement. See G.S. Enterprises, Inc., 410 Mass. at 273-275 (evidence that defendant filed groundless lawsuit against third parties that interfered with plaintiffs contract with one of those third parties, if accepted by fact finder, would satisfy requirement of improper motive or means). However, the propriety of a defendant's means "must be evaluated on a case-by-case basis." Id. at 273. Where Semenza's "duty ofloyalty was
to [Kelly] rather than to the plaintiftI]," his breach of that duty does not "provide[] the independent tort to support the [plaintiffs] tortious interference claim[]." Bartle, 80 Mass. App. Ct. at 382-383 (defendant's breach of duty of loyalty to third party was insufficient to support plaintiffs' tortious-interference claims).
            The plaintiff also claims that Semenza employed improper means by violating the terms of his employment agreement with Kelly when he solicited the client and left the firm.. However, the breach of an agreement with a third-party does not constitute improper means between the plaintiff and Semenza.  See Baystate Fin. Servs., LLC v. Pinto, 2021 WL 1222229 at *6-*7 (Mass. Super. 2021) (Gordon, J.) (defendant's violation of non-solicitation agreement with third party was not wrongful for purposes of tortious interference claim). The plaintiff has cited no case that holds to the contrary.
 
                                                            -7-
 
            Plaintiff has failed to state a claim for tortious inference with contractual relations. Count III is dismissed against Semenza.[5]
ORDER
Wherefore, defendant Semenza's Motion to Dismiss Counts II and III is ALLOWED
 
--------------------------------------------
 
[5] The Appeals Court has stated that where a claim for tortious inference with contractual relations "require[s] an assessment of the [defendant's] states of mind, [the claim] should be evaluated on a full factual record, and not on a motion to dismiss." Williamson v. Bar/am, 103 Mass. App. Ct. 727,734 (2024). Here, however, Semenza's alleged conduct does not rise to the level of improper means as a matter of law.